# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRON A. EGERSON,

           Petitioner,

v.

DENITA BALL,

           Respondent.

Case No. 25-CV-965-JPS

**ORDER**

Petitioner Terron A. Egerson ("Egerson") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Egerson also moves to proceed without prepayment of the filing fee, or in forma pauperis. ECF No. 4. This Order screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241).

## 1. FACTUAL AND PROCEDURAL BACKGROUND

Following a November 2024 jury trial, Egerson was convicted of stalking, attempted first degree intentional homicide, two counts of strangulation and suffocation, five counts of bail jumping, three counts of battery, three counts of disorderly conduct, and two counts of first degree recklessly endangering safety. *State of Wisconsin v. Terron Alexander Egerson*, Case No. 2023CF002138 (Mil. Cnty. Cir. Ct. May 17, 2023), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF002138&countyNo=40&mode=details (last visited Sept. 15, 2025) ("Egerson Circuit Court Case").

In November 2024, following his jury trial, but prior to his sentencing and judgment of conviction, Egerson appealed to the Wisconsin Circuit Court of Appeals. *State v. Terron Alexander Egerson*, Case No. 2024AP002542 (Wis. Ct. App. Nov. 21, 2024), available at https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2024AP002542&cacheId=33909ABA6AC3A7B3A3522CAE021D91CB&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited Sept. 15, 2025) ("Egerson Appeal"). According to the Wisconsin Court of Appeals docket, Egerson appealed a "Non-Final Order of [the] Circuit Court"; the appeals court repeatedly denied his requests for leave to appeal. *See id.*

In December 2024, Egerson filed a habeas petition in the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 2254. *See Egerson v. Ball*, No. 24-CV-1620-JPS, ECF No. 1 (E.D. Wis. Dec. 16, 2024). The Court adopted a report and recommendation to deny Egerson's petition and dismiss his case for failure to exhaust state remedies, noting that the dismissal would operate without prejudice. *See id.*, ECF Nos. 6 and 7. The report and recommendation noted that "[a]lthough Egerson ha[d] been found guilty by a jury, [by January 2025,] he ha[d] not yet been sentenced and no judgment of conviction ha[d] been entered." *Id.*, ECF No. 6 at 2. Accordingly, Egerson was only "at the very beginning stages of pursuing his state court post-conviction remedies," and could not bring a habeas petition under § 2254 at that time. *Id.*

In July 2025, after his jury trial but before his sentencing and final judgment of conviction, Egerson filed this action pursuant to § 2241. ECF No. 1. Since that time, Egerson has been sentenced and a final judgment of conviction entered. Egerson Circuit Court Case, Aug. 15, 2025 docket entry (sentencing); *id.*, Aug. 26, 2025 docket entry (judgment of conviction).

Egerson has also since filed a notice of intent to pursue post-conviction relief with the Milwaukee County Circuit Court. *Id.*, Aug. 26, 2025 docket entry. Nothing in Egerson's instant petition, nor in his Circuit Court docket or his Wisconsin Appeals docket suggest that he has yet moved for post-conviction relief at the circuit court level, that he has filed a valid appeal of his conviction with the Wisconsin Court of Appeals, or that he has filed a petition for review before the Wisconsin Supreme Court. *See generally* ECF No. 1; Egerson Circuit Court Case; Egerson Appeal.

In his instant petition, Egerson appears to challenge both his pre-trial detention decision and his ultimate conviction, seeking habeas relief on the following two grounds: (1) unlawful arrest without a warrant; (2) untimely preliminary examination; and (3) violation of his Constitutional right to speedy trial. ECF No. 1 at 10–12. As relief, Egerson requests that his conviction be "vacated completely" and that he be "released from custody without having to go through the appeal process." *Id.* at 12.

2. **ANALYSIS**

The Court first notes that Egerson appears to seek habeas relief under both § 2241 and § 2254. It is understandable why he may have been confused, as he filed his petition during a months-long delay between his jury trial guilty verdict and his sentencing (and thereafter judgment of conviction). At this point, however, because Egerson has been sentenced and formally convicted, the habeas relief available to him falls under § 2254. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (Section 2254 "is the vehicle for prisoners in custody pursuant to the *judgment* of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available" (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000))).

Rule 4 of the Rules Governing Section 2254 Proceedings authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Here, Egerson's petition—similar to the petition he filed in December 2024—is premature and must be dismissed. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004).

As discussed above, Egerson has not yet moved for any post-conviction relief, nor has he been issued an appellate decision on the merits, and he has not yet petitioned for review before the Wisconsin Supreme Court. Accordingly, none of his grounds for relief have been exhausted and his petition will, therefore, be dismissed without prejudice.

Further, because this case will be dismissed without prejudice, the Court will deny as moot Egerson's motion to proceed in forma pauperis, ECF No. 4.

### 3. CONCLUSION

For the reasons discussed herein, this case will be dismissed without prejudice for failure to exhaust state remedies and Egerson's motion to proceed in forma pauperis, ECF No. 4, will be denied as moot.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Egerson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurists could debate whether Egerson is entitled to relief at this juncture. Consequently, the Court is compelled to deny a certificate of appealability as to the petition.

Accordingly,

**IT IS ORDERED** that Petitioner Terron A. Egerson's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies;

**IT IS FURTHER ORDERED** that Petitioner Terron A. Egerson's motion to proceed without prepayment of the filing fee, ECF No. 4, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.